**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4268**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JIAN-YUN DONG, a/k/a John Dong,

                Defendant - Appellant.

**No. 18-4852**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

       v.

JIAN-YUN DONG, a/k/a John Dong,

                Defendant - Appellant.

**No. 19-4359**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JIAN-YUN DONG, a/k/a John Dong,

        Defendant - Appellant.

**No. 19-4511**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JIAN-YUN DONG, a/k/a John Dong,

        Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Charleston. Bruce H. Hendricks, District Judge. (2:11-cr-00511-BHH-1)

Submitted: July 30, 2020                                 Decided: August 6, 2020

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

Motion denied by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. A. Lance Crick, Acting United States Attorney, Carrie A. Fisher Sherard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a bench trial in 2015, Jian-Yun Dong was convicted of conspiracy to commit offenses or to defraud the United States, in violation of 18 U.S.C. § 371 (2018), theft of government property and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2, 641 (2018), and 22 counts of wire fraud and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2, 1343 (2018). The district court restrained several direct and substitute assets prior to trial. The court had found that the directly forfeitable asset, a building that had not been completed, would most likely be insufficient to fulfill Dong's monetary obligation if he was convicted and ordered to pay a money judgment. After Dong's conviction, the United States moved for a preliminary order of forfeiture of the building, and the restraint of several substitute assets. The United States then moved to hold the forfeiture of the substitute assets in abeyance pending sale of the building. Prior to sentencing, the court issued a preliminary order of forfeiture against the building while restraining Dong's substitute assets with the understanding that those assets would be forfeited to fulfill the money judgment. Dong was sentenced to 70 months' imprisonment, 3 years' supervised release, and restitution of $3,211,599.83. The court incorporated the preliminary order of forfeiture into the judgment. After Dong appealed, he moved in this court for the release of substitute assets to cover the cost of retained appellate counsel. Dong's retained counsel filed an amended motion. It is this motion that is the subject of this consolidated appeal.[1] We deny the motion.

---

[1] Dong's appellate brief raises a number of issues that have nothing to do with the motion presently before the court. We will not review those issues.

4

In *Luis v. United States*, 136 S. Ct. 1083 (2016), the Supreme Court held that a criminal defendant's Sixth Amendment right to counsel prohibits the district court from restraining the defendant's untainted assets pretrial. *Id*. at 1093. The Court concluded that the United States had only a contingent interest in the defendant's innocent assets. *Id*. Later, this court held that a criminal defendant may not use forfeited assets, including forfeited substitute assets, to pay for appellate counsel. *United States v. Marshall*, 872 F.3d 213, 220 (4th Cir. 2017).

Here, Dong has been convicted and a money judgment issued. There is no indication that Dong had any directly forfeitable tainted assets other than the building. When the district court issued a preliminary order of forfeiture against the building, it restrained Dong's substitute assets in well-founded anticipation that the sale of the building would fall short of meeting Dong's monetary obligations.

Accordingly, because the United States' interest in receiving the full amount of the money judgment is an important interest that supersedes Dong's interest in the substitute assets, we deny Dong's amended motion to release funds.[2]

*DENIED*

---

[2] We previously granted Dong's motion to submit this motion on the briefs without oral argument.